MELINDA HAAG (CSBN 132612)
United States Attorney

MIRANDA KANE (CSBN 150630)
Chief, Criminal Division

MICHELLE J. KANE (CSBN 210579)
STEPHANIE M. HINDS (CSBN 154284)
Assistant United States Attorney

   150 Almaden Boulevard, Suite 900
   San Jose, CA 95113
   Telephone: (408) 535-5061
   Fax: (408) 535-5066

   Email: michelle.kane3@usdoj.gov
           stephanie.hinds@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | ) | No. CR 10-00603 EJD |
|---|---|---|
| Plaintiff, | ) | STIPULATION AND [PROPOSED] ORDER AUTHORIZING INTERLOCUTORY SALE |
| v. | ) | |
| PAUL S. DEVINE, | ) | |
| Defendant. | ) | |

   1.  The United States, and defendant, Paul S. Devine (hereinafter "defendant") through counsel, agree, subject to the Court's approval, to an interlocutory sale of the 2005 Porsche Cayenne, VIN WP1AA29P25LA20428, California License No. 5YLX451 ( hereinafter "subject vehicle") seized on or about August 13, 2010.  A proposed order is attached.

   2.  On August 11, 2010, a grand jury charged defendant by indictment with violation of Title 18, United States Code, Sections 1343 and 1346 (wire fraud); Title 18, United States Code, Sections 1343 and 1349 (wire fraud conspiracy);Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2 (money laundering); and Title 18, United States Code, Sections 1957 and

2 (monetary transactions with criminally derived property). The indictment also sought forfeiture of any property which constitutes or was derived from proceeds traceable to these charged offenses, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c); and Title 18, United States Code, Section 982(a)(1).

3. On November 11, 2010, the United States filed a Bill of Particulars, seeking forfeiture of, among other items, the subject vehicle.

4. On February 28, 2011 defendant pled guilty to wire fraud, in violation of Title 18, United States Code, Sections 1343 and 1346 ; wire fraud conspiracy, in violation of Title 18, United States Code, Sections 1343 and 1349; money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2; and engaging in monetary transactions with criminally-derived property, in violation of Title 18, United States Code, Section 1957.  In his written plea agreement, defendant agreed to forfeit the subject vehicle, consented to the interlocutory sale of said vehicle, and agreed that, to the extent the Court orders him to pay restitution, the proceeds of the sale may be used to satisfy any restitution award.

5. The parties agree to the interlocutory sale of the subject vehicle on the following terms and conditions:

   a. The United States Marshals Service (hereinafter "USMS") shall sell the subject vehicle the most commercially feasible manner.

   b. Upon the sale of the subject vehicle, any lienholder (if any) for the subject vehicle shall be paid from the proceeds realized from the sale.

   c. The remaining net proceeds from the sale of the subject vehicle shall be paid to United States  in the form of a cashier's check made payable to the USMS and forwarded to the United States Attorney's Office, Attn: AUSA Stephanie Hinds, 450 Golden Gate Avenue, 10th Floor, San Francisco, California 94102 or paid by electronic funds transfer to an account designated by the USMS.  The net proceeds will then be deposited in an interest-bearing account maintained by the USMS pending further order of this Court.

6. The net proceeds from the sale of the subject vehicle will include all money realized from the sale of the subject vehicle less all costs and expenses incurred by the USMS in connection with the seizure, custody and sale of the subject vehicle.

7. In furtherance of the Interlocutory Sale, defendant agrees to execute promptly any documents that may be required to complete the interlocutory sale of subject vehicle.

8. The signature pages of this stipulation may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

9. The United States shall have the same claims against the substituted *res*, as it does against the subject vehicle. Defendant shall have the same defenses against the substituted *res*, as he does against the subject vehicle.

WHEREFORE, the United States and the defendant move that the Court enter an Order granting their joint motion for an interlocutory sale as proposed by the parties.

IT IS SO STIPULATED:

MELINDA HAAG
United States Attorney

Dated: June 3, 2011                              /s/
                                             MICHELLE J. KANE
                                             STEPHANIE M. HINDS
                                             Assistant United States Attorneys

Dated: June 3, 2011                              /s/
                                             RAPHAEL GOLDMAN
                                             Attorney for Defendant
                                             PAUL S. DEVINE

**[PROPOSED] ORDER**

Upon consideration of the above stipulation and proposed order authorizing an interlocutory sale and good cause appearing, the Court hereby orders that the 2005 Porsche Cayenne, VIN WP1AA29P25LA20428, California License No. 5YLX451 ( hereinafter "subject vehicle") seized on or about August 13, 2010, which is subject to forfeiture in this action, be sold by the government through the United States Marshal Service, or its designee, and the net proceeds from the sale of the subject vehicle be deposited in an interest-bearing account pending further order of this Court.

IT IS SO ORDERED.

Date: June 6, 2011

EDWARD J. DAVILA
United States District Judge